Jonathan R. Lagarenne
Christopher R. Kinkade
Anthony J. Noonan
**FOX ROTHSCHILD LLP**
997 Lenox Drive
Lawrenceville, NJ  08648
Telephone: (609) 896-3600
Facsimile: (609) 896-1469

*Attorneys for Plaintiff LMT Mercer Group, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LMT MERCER GROUP, INC., | Case No. |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| HOMELAND VINYL PRODUCTS, INC. | **(Jury Trial Demanded)** |
| Defendant. | |

Plaintiff LMT Mercer Group, Inc. ("Plaintiff" or "LMT") brings this action for direct, indirect, and willful patent infringement of LMT's U.S. Patent No. 7,204,898 ("the '898 Patent") for "Thermoplastic Fencing Construction and Method of Assembly Thereof," and LMT's U.S. Patent No. 8,668,797 ("the '797 Patent") for "Method of Assembly of Thermoplastic Fencing" against Homeland Vinyl Products, Inc. ("Defendant" or "Homeland"), and alleges as follows:

### THE PARTIES

1. LMT Mercer Group, Inc. ("LMT") is a New Jersey corporation with its principal place of business at 690 Puritan Avenue, Lawrenceville, New Jersey 08648.

2. On information and belief, Homeland Vinyl Products, Inc. ("Homeland" or "Defendant") is an Alabama corporation with its principal place of business at 3300 Pinson Valley Pkwy, Birmingham, Alabama 35217.

## JURISDICTION AND VENUE

3. This cause of action for patent infringement arises under the patent laws of the United States, Title 35, United States Code.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this case involves patent infringement, and arises under the laws of the United States, 35 U.S.C. § 271 *et seq*.

5. This Court has personal jurisdiction over Homeland in New Jersey because Homeland has committed acts of infringement within this District. More specifically, Defendant markets, promotes, advertises, offers for sale, sells and/or distributes products covered by one or more claims of the '898 Patent and the '797 Patent to customers including wholesalers, retailers, and others throughout the United States, including in the District of New Jersey. Defendant has purposefully and voluntarily placed its infringing products into the stream of commerce with the expectation that the products will be purchased by consumers in the District of New Jersey. Additionally, Homeland maintains and operates a plant and corporate office in Millville, NJ, located at 1701 Eden Rd, Millville, NJ 08332.

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b), because Homeland has committed acts of infringement and has a regular and established place of business in this District.

**THE PATENTS-IN-SUIT**

7. U.S. Patent No. 7,204,898 ("the '898 Patent") for "Thermoplastic Fencing Construction and Method of Assembly Thereof," issued April 17, 2007, to LMT Mercer Group Inc. as assignee of the inventor James Fattori. A true and correct copy of the '898 Patent is attached to this Complaint as Exhibit 1.

8. U.S. Patent No. 8,668,797 ("the '797 Patent") for "Method of Assembly of Thermoplastic Fencing," issued March 11, 2014, to LMT Mercer Group Inc. as assignee of the inventor James Fatori. A true and correct copy of the '797 Patent is attached to this Complaint as Exhibit 2.

9. LMT is the assignee and owner of all rights, title and interest in the '898 Patent and the '797 Patent, including the full legal right to sue, enforce, and recover damages for all infringements of the '898 Patent and the '797 Patent.

**FIRST CLAIM FOR RELIEF**
**Infringement of United States Patent No. 7,204,898**

10. LMT incorporates by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

11. Homeland is and has been on notice of the '898 Patent at least as of June 18, 2018, when a cease and desist letter was sent by Federal Express and Certified Mail to Randall Heath, President of Homeland, by counsel for LMT, alleging infringement of LMT's '898 and '797 Patents. A true and correct copy of this correspondence is attached hereto as Exhibit 3. LMT sent the June 18, 2018 cease and desist letter after obtaining a sample of a sonically welded picket cap manufactured by Homeland.

12. On June 26, 2018, counsel for Homeland responded to LMT's June 18, 2018 cease and desist letter, acknowledging receipt thereof. A true and correct copy of this correspondence is attached hereto as Exhibit 4.

13. On June 27, 2018, counsel for LMT responded to Homeland's June 28, 2018 letter, reiterating LMT's position that Homeland was infringing the '898 and '797 Patents. A true and correct copy of this correspondence is attached hereto as Exhibit 5.

14. On July 3, 2018, counsel for Homeland responded to LMT's June 27, 2018 letter, stating in part, "At this time, Homeland has yet to sell any of the fencing caps accused in your letters, although it has provided limited samples to certain customers." A true and correct copy of this correspondence is attached hereto as Exhibit 6.

15. At least as of June 18, 2018, Homeland has manufactured and has offered for sale sonically welded picket caps that are within the scope of one or more claims of the '898 Patent, for at least the reasons described in LMT's cease and desist letters, thereby infringing the '898 Patent.

16. It has recently come to LMT's attention that Homeland is actively making, using, selling, and offering for sale sonically welded picket caps that are within the scope of one or more claims of the '898 Patent, in that they are substantially identical to the products that Homeland had previously characterized as being samples provided to certain customers. In particular, upon information and belief, at least the following products from Homeland's 2020 Catalog on "Profile Extrusions & Inserts" infringe the '898 Patent: the 7/8" x 3" Spade Picket, the 7/8" x 3" Dog Ear Picket, and the 1-1/2" x 1-1/2" Sharp Picket. (These products, along with the products identified in LMT's cease and desist letters and all materially identical products, are

4

herein referred to collectively as "Accused Products.")  A true and correct copy of this catalog is attached hereto as Exhibit 7.

17.     Homeland has directly infringed and continues to directly infringed the '898 Patent by making, using, selling, and offering to sell the Accused Products in the United States.

18.     Homeland has and is actively inducing infringement of one or more claims of the '898 Patent by others, by among other things, actively inducing and encouraging others to make, use, sell, and offer for sale the Accused Products in the United States.  This includes, for example, Waymark Products LLC, believed to be an affiliate or division of Homeland, as well as Homeland's distributors, including those in this District.

19.     Homeland has known of the '898 Patent since at least June 18, 2018, and knows and intends, or is willfully blind to the fact, that the actions of itself and other direct infringers so induced constitute infringement of one or more claims of the '898 Patent.  Thus, Homeland is liable for infringement under U.S.C. § 271(b).

20.     All of the aforementioned infringing acts by Homeland are without the permission, license, or consent of LMT.

21.     Upon information and belief, Defendant's infringement has taken place with full knowledge of the '898 Patent and has been intentional, deliberate, and willful.

22.     Upon information and belief, Defendant will continue to infringe the '898 Patent unless and until Defendant is enjoined by this Court.

23.     LMT has suffered damages and irreparable harm as a result of Defendant's infringement of the '898 Patent and will continue to be damaged unless Defendant is enjoined from future infringing activities.

## SECOND CLAIM FOR RELIEF
### Infringement of United States Patent No. 8,668,797

24. LMT incorporates by reference the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

25. Homeland is and has been on notice of the '797 Patent at least as of LMT's June 18, 2018 cease and desist letter. *See* Exhibit 3.

26. At least as of June 18, 2018, Homeland has manufactured and has offered for sale sonically welded picket caps that are within the scope of one or more claims of the '797 Patent, for at least the reasons described in LMT's cease and desist letters (Exhibits 3, 5), thereby infringing the '797 Patent.

27. It has recently come to LMT's attention that Homeland is actively making, using, selling, and offering for sale sonically welded picket caps that are within the scope of one or more claims of the '797 Patent, in that they are substantially identical to the products that Homeland had previously characterized as being samples provided to certain customers, specifically including the Accused Products set forth above.

28. Homeland has directly infringed and continues to directly infringed the '797 Patent by making, using, selling, and offering to sell the Accused Products in the United States.

29. Homeland has and is actively inducing infringement of one or more claims of the '797 Patent by others, by among other things, actively inducing and encouraging others to make, use, sell, and offer for sale the Accused Products in the United States. This includes, for example, Waymark Products LLC, believed to be an affiliate or division of Homeland, as well as Homeland's distributors, including those in this District.

30. Homeland has known of the '797 Patent since at least June 18, 2018, and knows and intends, or is willfully blind to the fact, that the actions of itself and other direct

6

infringers so induced constitute infringement of one or more claims of the '797 Patent. Thus, Homeland is liable for infringement under U.S.C. § 271(b).

31. All of the aforementioned infringing acts by Homeland are without the permission, license, or consent of LMT.

32. Upon information and belief, Defendant's infringement has taken place with full knowledge of the '797 Patent and has been intentional, deliberate, and willful.

33. Upon information and belief, Defendant will continue to infringe the '797 Patent unless and until Defendant is enjoined by this Court.

34. LMT has suffered damages and irreparable harm as a result of Defendant's infringement of the '797 Patent and will continue to be damaged unless Defendant is enjoined from future infringing activities.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff LMT prays that this Court:

A. Enter a judgment that Defendant has infringed the '898 and '797 Patents;

B. Grant a permanent injunction restraining and enjoining Defendant, its officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and all others in active concert or participation with the foregoing from infringing, inducing others to infringe, and contributing to the infringement of the '898 and '797 Patents;

C. Award LMT damages in an amount sufficient to compensate LMT for Defendant's infringement of the '898 and '797 Patent, but not less than a reasonable royalty;

D. Award pre- and post-judgment interest to LMT pursuant to 35 U.S.C. § 284;

E. Award increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to LMT, by reason of Defendant's willful infringement of the '898 and '797 Patents;

F. Declare this case exceptional under 35 U.S.C. § 285 and award LMT its reasonable attorneys' fees, expenses, and costs incurred in this action; and

G. Grant LMT such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

Respectfully submitted,

Dated: February 28, 2020          By:     s/ Christopher R. Kinkade
                                          Jonathan R. Lagarenne
                                          Christopher R. Kinkade
                                          Anthony J. Noonan
                                          FOX ROTHSCHILD LLP
                                          997 Lenox Drive
                                          Lawrenceville, NJ 08648-2311
                                          Telephone: 609-896-3600
                                          Facsimile: 609-896-1469

                                          *Attorneys for Plaintiff LMT Mercer Group, Inc.*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the undersigned attorney for Plaintiff LMT Mercer Group, Inc. certifies that, to the best of his knowledge, the matters in controversy are not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

Dated: February 28, 2020    By:    s/ Christopher R. Kinkade
Christopher R. Kinkade
FOX ROTHSCHILD LLP
997 Lenox Drive
Lawrenceville, NJ 08648-2311
Telephone: 609-896-3600
Facsimile: 609-896-1469

*Attorneys for Plaintiff LMT Mercer Group, Inc.*